```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA** :
                              :
        **Plaintiff,**     :
                              :
        **v.**               :         **Criminal No. 05-264 (ESH)**
                              :
**ROBERT MUSCHETTE,**        :
                              :
        **Defendant.**    :

---

**MOTION TO SUPPRESS TANGIBLE EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Mr. Robert Muschette, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all tangible objects seized from him or from the search of a black Lexus. Mr. Muschette requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

**Factual Background**

Mr. Muschette is charged with one count of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. The second charge arose out of an incident that occurred on June 19, 2005.

On that date, officers of the Metropolitan Police Department conducted a traffic stop on a black Lexus. Mr. Muschette was

driving the Lexus. After stopping Mr. Muschette, the officers searched him and the black Lexus. According to the officers, they recovered a loaded gun and a holster. Mr. Muschette was placed under arrest.

## Argument

Probable cause is an essential prerequisite to an arrest. <u>Dunaway v. New York</u>, 442 U.S. 200, 213 (1979). Here, the police officers did not have probable cause to arrest Mr. Muschette or a reasonable suspicion to stop him. The warrantless stop and arrest of Mr. Muschette was therefore unlawful. The evidence seized must be suppressed as the fruit of the unlawful arrest of Mr. Muschette. <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

The evidence also must be suppressed as a fruit of the unlawful warrantless search of Mr. Muschette and the unlawful warrantless search of the Lexus. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are <u>per se</u> unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." <u>Katz v. United States</u>, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant

requirement of the Fourth Amendment.  Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz v. United States, 389 U.S. 347, 357 (1967).  Here, the police officers did not have search warrants to search Mr. Muschette and/or the Lexus.  Because Mr. Muschette was not lawfully under arrest at the time of the searches, there is no applicable exception to the warrant requirement.  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Muschette and the Lexus must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Muschette respectfully requests that this motion be granted and that the Court suppress the use as evidence of all items seized from him or from the search of the Lexus.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


/s/
_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500