```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
                              :
        Plaintiff,             :
                              :
        v.                     :      Criminal No. 05-264 (ESH)
                              :
ROBERT MUSCHETTE,              :
                              :
        Defendant.             :
```

DEFENDANT'S MOTION TO SUPPRESS STATEMENTS
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mr. Robert Muschette, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress the use as evidence at trial of all statements allegedly made by Mr. Muschette. Mr. Muschette requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

**FACTS**

Mr. Muschette is charged with one count of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year. The second charge arose out of an incident that occurred on June 19, 2005.

On that date, officers of the Metropolitan Police Department conducted a traffic stop on a black Lexus. Mr. Muschette was

driving the Lexus.  After stopping Mr. Muschette, the officers searched him and the black Lexus.  According to the officers, they recovered a loaded gun and a holster.  Mr. Muschette was placed under arrest.

According to information provided to undersigned counsel pursuant to Federal Rule of Criminal Procedure 16, the police officers allege that Mr. Muschette made the following statements:

1. He left his license at the hotel;

2. He works as a bouncer/security guard and carries a gun for work, and the weapon was in Maryland;

3. The holster was for a .357 that he kept at his mother's house in Forestville;

4. He carried the .357 when he was employed in his business as a body guard; and

5. The .38 was registered to his wife and he did not know that it was in the car.

These statements allegedly were made after Mr. Muschette was arrested and in response to questioning by the police officers.  Prior to the time the officers allege that Mr. Muschette made the statements, Mr. Muschette had not made a knowing and voluntary waiver of his Fifth Amendment rights.

## ARGUMENT

The use of any statements must be suppressed because any such statements were the fruit a violations of Mr. Muschette's Fourth Amendment rights.  <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be

suppressed). Mr. Muschette was unlawfully arrested by the police officers. Probable cause is an essential prerequisite to an arrest. Dunaway v. New York, 442 U.S. 200, 213 (1979). The police officers did not have probable cause to arrest Mr. Muschette. The warrantless arrest of Mr. Muschette was therefore unlawful. The alleged statements were the fruits of this Fourth Amendment violation.

The statements also must be suppressed because they were obtained in violation of Mr. Muschette's Fifth Amendment rights. The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." Miranda v. Arizona, 384 U.S. 436, 478 (1966). In order to protect the privilege, the Supreme Court set forth procedural safeguards. The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Id. at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the Miranda warnings and subsequently makes a knowing and

intelligent waiver of these rights.  Id.  The government bears the burden of demonstrating that the Miranda warnings were given and that the defendant has made a knowing and intelligent waiver. Id.

The elements of a Miranda violation are present in this case.  At the time the statements were allegedly obtained from him, Mr. Muschette was in custody and had been arrested, and the statements were made in response to questioning by police officers.  At the time that the statements were made, Mr. Muschette had not made a knowing and intelligent waiver of his Fifth Amendment rights.  The statements were therefore taken in violation of these rights and must be suppressed.

## CONCLUSION

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Muschette respectfully requests that this motion be granted and that the Court suppress the use as evidence of all statements allegedly made by Mr. Muschette.

> Respectfully submitted,
>
> A. J. Kramer
> Federal Public Defender
>
>      /s/
> _____
> Mary Manning Petras
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C.  20004
>
> (202) 208-7500