UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-264(ESH) |
| | : | |
| **ROBERT MUSCHETTE,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with 2 counts of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for more than one year. Defendant has been previously convicted of the following offenses:

   a. the felony offense of Possession of a Firearm by a Convicted Felon in United States District Court, Greenbelt, Maryland on March 11, 2001, for which he received a sentence of 57 months incarceration, 3 years supervised release.

      b.      the felony offense of Assault with a Dangerous Weapon (ADW), F-2664-88, in the Superior Court of the District of Columbia, on February 2, 1990, for which he received a sentence of confinement from 3 years to 9 years;

      c.      the felony offense of Assault and Battery in Baltimore City, Maryland, on February 12, 1992, for which he received a sentence of 10 years incarceration. According to FBI records, on July 27, 1998, the defendant was arrested for a parole violation, and had to serve the remainder of his sentence.

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Each of the crimes mentioned above was punishable by more than one years' imprisonment. He was released from custody on the felony prison breach within the last ten years. This Court should permit the use of those convictions to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. Accordingly, should he choose to testify, the defendant's credibility will be a central issue. The probative value of the convictions, therefore, is quite high.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by their probative value. See United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950.

**III. Fed. R. Evid. 609(b).**

4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, according to FBI records as indicated in the Pretrial Services Report, the defendant was remanded back into custody in the 1992 assault case in 1998, and had to serve the remainder of his sentence, thus indicating that he was released from incarceration on that charge within the last 10 years. At this time the undersigned Assistant United States Attorney has not been able to verify the defendant's release date in the ADW case in the DC Superior Court, but is endeavoring to do so. However, it does appear from the sentence of 3 to 9 years, that the defendant may have been released within the last 10 years on that charge. Finally, the previous conviction for being a felon in possession of a handgun occurred on March 11, 2001, which was certainly within the last ten years. Thus, the convictions may properly be used for impeachment. When more details are available regarding the

Superior Court ADW charge, the government requests leave to supplement its motion to provide the details to the Court.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN
                                        United States Attorney

BY:    _____
        WANDA J. DIXON
        Assistant United States Attorney
        Organized Crime and Narcotics Trafficking Section
        555 Fourth Street, N.W., Room 4235
        Washington, D.C. 20530
        202/514-6997