UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR 05-264 (ESH) |
| ROBERT MUSCHETTE | : | |

DEFENDANT'S MOTION REQUESTING FINDING
THAT 18 U.S.C. § 924(e) ENHANCED PENALTIES DO NOT APPLY

Mr. Robert Muschette, the defendant, through undersigned counsel, respectfully moves this Honorable Court to enter a finding that the enhanced penalties set forth in 18 U.S.C. § 924(e) do not apply to him.  In support of this motion, counsel submits the following.

1.  Mr. Muschette is charged with two violations of 18 U.S.C. § 922(g).  Count one of the indictment alleges the unlawful possession of a firearm, in April, 2005.  Count two alleges the unlawful possession of a firearm and ammunition, on June 19, 2005.

2.  Ordinarily the maximum penalty for a violation of § 922(g) is ten years.  However, § 924(e) provides that a person who violates § 922(g) and has three prior convictions for violent felonies and/or a serious drug offenses shall be imprisoned for not less than fifteen years.

3.  Mr. Muschette's most recent prior conviction is a conviction for a violation of § 922(g), before the United States District Court for the District of Maryland.  On March 2, 2001, the Honorable Alexander Williams, Jr. sentenced him to a 57 month term of incarceration for that offense, finding that the enhanced penalties set forth in § 924(e) did not apply to Mr. Muschette because he did not have the necessary qualifying convictions.

4. After serving the term of incarceration imposed by Judge Williams, Mr. Muschette was released on February 3, 2005, and received no new convictions prior to his arrest and incarceration for the instant offense on June 19, 2005. The Presentence Report prepared for the sentencing in the District of Maryland matter, therefore, accurately reflects all of Mr. Muschette's previous convictions. The cover page and criminal history calculation portion of that report have been submitted to the Court under separate cover.

5. Previous violations of § 922(g) do not count as predicate offenses for purposes of the enhanced penalties set forth in § 924(e). Because Mr. Muschette incurred no additional convictions since Judge Williams's finding that the § 924(e) enhanced penalties do not apply to him, this Court should make the same finding as that made by Judge Williams.

6. Mr. Muschette has two prior convictions that – only for purposes of argument here – he concedes would constitute predicate offenses under § 924(e). Those are: (1) a 1988 conviction before the Superior Court of the District of Columbia for assault with a dangerous weapon; and (2) a 1990 conviction before the Circuit Court for Frederick County, Maryland, for assault and battery.

7. The government now takes the position that Mr. Muschette has a third predicate conviction for a second degree assault, in case number 5B1288250, before the Maryland District Court for Baltimore City. However, as Judge Williams found, that conviction was not a valid conviction because Mr. Muschette was not represented by counsel and did not knowingly and voluntarily waive his right to counsel. Because he did not knowingly and voluntarily waive his right to counsel in that matter, the Presentence Report prepared in relation to the District of

Maryland offense did not include this offense in either the criminal history calculation or for purposes of determining eligibility for the enhanced penalties under § 924(e).

8. The Supreme Court has specifically found that defendants may collaterally attack the validity of prior convictions used to enhance a sentence under § 924(e), if the prior conviction was obtained in violation of the right to counsel. See Custis v. United States, 511 U.S. 485 (1994).

9. In order to waive the right to counsel, a defendant must be advised of his right to counsel and knowingly and intelligently waive that right. Johnson v. Zerbst, 304 U.S. 458, 464 (1938)(a constitutionally valid waiver of the right to counsel must be knowing and intelligent – "courts indulge every reasonable presumption against waiver of fundamental constitutional rights" and "do not presume acquiescence in the loss of" such rights, requiring instead that any valid waiver constitute "an intentional relinquishment" of the right).

10. Mr. Muschette's counsel in the District of Maryland matter obtained a tape recording of the proceedings before the Baltimore City court and prepared a transcript from that tape recording. A copy of the transcript has been submitted to the Court under separate cover. That transcript readily demonstrates that Mr. Muschette did not make a knowing and voluntary waiver of his right to counsel prior to pleading guilty in that matter. Rather, the court inquired where his lawyer was, and Mr. Muschette responded that he had an appointment with a lawyer scheduled for the following month. The court then noted that Mr. Muschette did not asked for a postponement, and Mr. Muschette acknowledged that he had not. The court then stated that it was "assuming" that the case would go forward that day because Mr. Muschette had not asked for a postponement.

11. A valid waiver of the right to counsel cannot be assumed. Because the record fails to demonstrate a knowing and intelligent relinquishment of his right to counsel, the Baltimore City offense cannot be used to enhance Mr. Muschette's potential sentence in this matter. See Burgett v. Texas, 389 U.S. 109 (1967) (where court records fail to establish that defendant was represented by counsel or that he waived counsel, there exists a presumption that the defendant was denied his right to counsel in violation of the Sixth Amendment, rendering the prior conviction void and, therefore, unavailable for purposes of subsequent sentence enhancement).

WHEREFORE, for the foregoing reasons, Mr. Muschette respectfully submits that he does not have the required three predicate offenses for the application of the § 924© enhanced penalties.

Respectfully submitted,

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

(202) 208-7500