UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal No.: 05-264(ESH) |
| : | |
| ROBERT MUSCHETTE, : | |
| : | |
| Defendant.   : | |

GOVERNMENT'S RESPONSE TO DEFENSE MOTION
REGARDING APPLICABILITY OF 18 U.S.C. § 924(e)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits to this Court that if the defendant in this case is convicted of a violation of 18 U.S.C. §922(g), that he is subject to the enhanced penalty provision of 18 U.S.C. §924(e), which states that a person who violates § 922(g) who has three prior convictions for violent felonies and or serious drug offenses shall be imprisoned for not less than 15 years.  In support of its position, the government relies on the following facts, points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

STATEMENT OF FACTS

On or about June 19, 2005,  at approximately 4:51 p.m., members of the United States Capitol Police observed a black Lexus bearing a home made Maryland license tag, traveling south bound in the 900 block of South Capitol Street, SW.  The vehicle was being driven by the defendant, Robert Muschette.  When officers approached his vehicle and requested his license and registration, the defendant told them that he had left his license in his hotel, but that he had a Maryland identification card.  A check of law enforcement databases revealed that the defendant had no Maryland permit, and an expired District of Columbia permit.  The check also revealed that the

defendant had an outstanding felony bench warrant issued by the District of Columbia Superior Court. Defendant was arrested, and search incident to arrest revealed a loaded revolver, wrapped in a towel and laying on the rear passenger floor board of the car. The search also revealed a box containing 42 Winchester .38 caliber bullets in the rear passenger door next to the revolver. After waiving his Miranda rights, the defendant said, among other things, that the .38 handgun was registered to his wife, and that he did not know it was in the car.

During the investigation into the above-mentioned incident, it was learned that defendant had been in possession of a firearm on a previous occasion in the District of Columbia after having been convicted of a felony offense. Investigation revealed that on or about April of 2005, that the defendant had worn a Rossi .38 caliber revolver at the New Saint Paul Daycare, 2400 Franklin Street, NE Washington, DC, while picking up his son from the daycare. At that time, the defendant was told that not to come into a daycare with a gun in plain view. However, the defendant replied that he was a security guard and that the firearm was registered. The personnel at the Daycare center took the defendant at his word, and did not call the police. However, there is no .38 caliber Rossi revolver registered to the defendant in the District of Columbia.

The government offered the defendant the opportunity to plead guilty to one court of his two count indictment alleging violations of 18 U.S.C. § 922(g) in this case. However, before the defendant accepted the plea offer, government counsel pointed out to defense counsel that it appeared that the defendant would be subject to the enhanced penalty of a 15 minimum year sentence provided by §924(e) if he were convicted in this case due to his record containing three violent felony convictions. Defense counsel countered that its position was that one of Mr. Muschette's prior convictions, a Baltimore conviction for Second Degree Assault, could not be a predicate

2

offense under §924(e), because Mr. Muschette did not have an attorney when he was convicted in that case. While the government agrees that the record is clear that the defendant did not have an attorney when he was convicted in the Baltimore Assault case, the government contends that the defendant made a valid, knowing and voluntary waiver of his right to counsel in that case, and that consequently, it should be counted as a predicate offense for purposes of the enhanced penalty provision in §924(e).

## ARGUMENT

**1. The defendant has three prior convictions for violent felonies, however, he may challenge the use of a conviction as a predicate offense on the basis that the conviction was obtained in violation of his right to counsel.**

For the purposes of this motion, the parties agree that the defendant has been convicted of at least two violent felonies that would act as predicate convictions under §924(e): a 1988 conviction in the Superior Court for the District of Columbia for Assault with a Dangerous Weapon; and a 1990 conviction in the Circuit Court for Frederick County, Maryland for Assault and Battery. However, the parties disagree on the impact of the defendant's 2000 conviction in the District Court of Baltimore City, Maryland for Second Degree Assault. The defendant contends that this conviction should not be considered as a predicate offense for the purposes of §924(e) because there is no indication that the defendant made a knowing and voluntary waiver of his right to counsel in the matter. In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court held that in a federal sentencing proceeding, the defendant has no right to collaterally attack the validity of prior state convictions that are used to enhance his sentence under §924(e). The only exception would involve convictions obtained in violation of the right to counsel. The holding of Custis is that 1) the

defendant can challenge a conviction used as a predicate to enhance sentencing under §924(e) if his contention is that he was not represented by counsel, and made no valid knowing and voluntary waiver; and 2) if the challenge prevails, the conviction may not be used as a predicate for the sentencing enhancement.

**2. The defendant's challenge to the conviction in question should not prevail because defendant made a valid, knowing and voluntary waiver of his right to counsel before he was convicted in the Baltimore Assault case.**

The defendant was charged with the assault in question on March 25, 2000. The Baltimore District Court file regarding this case contains a document dated April 29, 2000 and signed by the defendant and a Judge or Commissioner of the Maryland court. That document is titled "Notice of Advice of Right to Counsel," and it states, among other things, that the person charged has a right to a lawyer, that they can contact the Public Defender if they do not have the money to hire an attorney, and that if the Public Defender will not provide an attorney, they should contact the court clerk as soon as possible. The document warns that if no lawyer is obtained before the trial date, you may have to proceed without one. (See Government's attachment to this response titled Muschette Court File, page 5).

On June 2, 2000, the defendant's trial date in the Baltimore Assault case, the transcript indicates that a conversation took place between the defendant and the Judge, wherein the Judge noted that the defendant appeared in court without an attorney, and made no request for postponement. The Judge also indicated that he discussed several options with the defendant, and the defendant made it clear that he had no questions about the Judge's comments. The defendant goes on to ultimately select to proceed by having the judge decide the case based upon the

Government's recitation of an agreed upon statement of facts about the case. Based on that statement of facts, the Judge found the defendant guilty of the assault.

This Court can find that these facts constitute a knowing and voluntary waiver of the defendant's right to counsel. The defendant signed a document setting out his rights and options approximately one month before the trial took place. The document expressly warned him that showing up on the trial date without counsel could have consequences. The defendant then showed up on the trial date without an attorney, and did not request a postponement to obtain an attorney or for any other reason, despite the fact that he was advised of his option to do so. The government submits that the fact that he was advised of his right to counsel and signed notice to that effect, his subsequent failure to request a postponement or make any other attempt to come to court with an attorney, the fact that he was given the opportunity to make any request for an attorney to the Court, and his actions in hearing his options and electing to proceed to adjudication without an attorney demonstrate his knowing and voluntary waiver of his right to counsel regarding the conviction for this assault case.

**3. There is no indication in the submissions of defendant that the Federal District Court Judge made an affirmative finding or considered the issues presented by the defendant.**

Defendant's motion suggests that Judge Williams, the Federal District Court Judge in Maryland who sentenced the defendant for his previous violation of §922(g), made an affirmative finding that the Baltimore Assault conviction did not qualify to enhanced the penalty under §924(e) because the defendant was not represented by counsel and did not make a knowing and voluntary waiver. However, defendant's submissions illustrate no such affirmative finding. The government

is in receipt of the transcript of the Baltimore proceedings and the portions of the Presentence Report prepared for the defendant's prior 922(g) conviction, as well as a letter to the Court stating that these two items were being submitted in connection with defendant's motion. However, there is nothing, no memorandum opinion or transcript from the 922(g) sentencing hearing that states that the Federal District Court Judge made an express finding that the Baltimore Assault conviction was invalid for purposes of §924(e), or that the Court even considered the issue. The defense submits the Presentence Report prepared in that case, which states on page 4 that Maryland Rule 719 or Rule 4-213 entitles all defendants to notice of the right to be represented by counsel or to have counsel appointed if indigent. The submission by the government indicates that the defendant received such notice. The Presentence Report further states at page 9 that the Baltimore Assault conviction was not scored under the *guidelines* (emphasis added) because there was no indication of a waiver in the record. However, unless the undersigned attorney has failed to receive a document or overlooked a submission, there is no indication that Judge Williams was asked to consider or rule on the issue of whether the Baltimore Assault conviction should be counted as a predicate felony for purposes of §924(e). Consequently this Court can make such a finding without having to make a ruling that is in opposition to a finding of facts made by a different Court that actively considered the same issue.

Wherefore, for these reasons and any other reasons as may appear to the Court, the government submits that the defendant's Baltimore Assault conviction was not obtained in violation of his right to counsel. Consequently, the defendant's motion should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

By: _____
 WANDA J. DIXON
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4122
Washington, D.C. 20530
202/514-6997