UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-05-264 (ESH) |
| ROBERT A. MUSCHETTE | : | |

DEFENDANT'S OBJECTION TO PRESENTENCE REPORT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

On October 26, 2005, Mr. Robert A. Muschette, the defendant, pled guilty before this Honorable Court to one count of possession of a firearm by a person convicted of crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g). He will appear before this Honorable Court for sentencing on February 10, 2006.  Mr. Muschette, through undersigned counsel, respectfully submits the following objections to the United States Sentencing Guidelines (hereinafter "U.S.S.G." or "Guidelines") calculations contained Presentence Investigation Report (hereinafter "PSI").[*]

I.   THE ARMED CAREER CRIMINAL PROVISIONS DO NOT APPLY.

In paragraph 26, the PSI applies the armed career criminal provisions of 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4(b)(3)(B).  Mr. Muschette does not have the necessary three qualifying convictions for the application of these provisions.  In finding that he does, the PSI uses the Maryland second degree assault case noted in paragraph 46 of the PSI, although that

---

[*]In addition to the objections set forth below, counsel's sentencing request on behalf of Mr. Muschette is based on personal and confidential information, similar to that contained in the PSI, which is confidential and not filed in the public record.  Counsel, therefore, at the time of this filing submits a letter to the Court, with a copy to government counsel, rather than including the information in this pleading.  We respectfully request that the Court maintain the letter in chambers and not file it in the court jacket.

conviction is not scored for Guidelines purposes in the PSI. At a hearing on October 26, 2005, as memorialized in an Order dated October 31, 2005, the Court found that this Maryland conviction cannot serve as a predicate offense under 18 U.S.C. § 924(e), because Mr. Muschette was not represented by counsel and there was no valid waiver of his right to counsel. Therefore, the armed career criminal provisions do not apply.

II.   THE PSI DOES NOT PROVIDE A SUFFICIENTLY RELIABLE SOURCE TO SUPPORT THE ASSESSMENT OF CRIMINAL HISTORY POINTS AND INCREASED OFFENSE LEVEL BASED ON OFFENSES LISTED IN PARAGRAPHS 31 AND 34.

The District of Columbia Circuit has held that although sentencing courts are no longer required to follow the Guidelines and must only consider them as one of several sentencing factors, when determining the appropriate sentencing range under the Guidelines, courts must follow the strictures of the Guidelines. See United States v. Price, 409 F.3d 436, 443 (D.C. Cir. 2005). Moreover, the government still bears the burden of proving facts that may be relevant in sentencing. Id. at 444. "[W]hen the defendant calls into dispute a presentence report's description of an alleged prior conviction, the Government must demonstrate that the description in the report is based on a sufficiently reliable source to establish the accuracy of that description." Id. at 14 (citing United States v. Richardson, 161 F.3d 728, 737-38 (D.C. Cir. 1998)). While a court document would be sufficiently reliable, examples of sources that are not sufficiently reliable include a docket listing, arrest warrant, police report or prosecutor's proffer. Id. at 14-15.

Undersigned counsel has been unable to locate documentation that demonstrates that the points assessed in paragraphs 31 and 34 of the PSI are based on a sufficiently reliable source that

demonstrates the necessary facts. In paragraph 31, three criminal history points are assessed for a conviction that allegedly occurred more than fifteen years prior to the instant offense. The government, therefore, bears the burden of demonstrating not only that there was a valid conviction with a sentence of more than a year and a month, but also that Mr. Muschette served time for that offense within the past fifteen years and that the conviction was for a crime of violence. See U.S.S.G. §§ 2K2.1(a), 4B1.2, and 4A1.1, application note 1. With respect to the lack of sufficiently reliable proof that the offense was a crime of violence, counsel notes that the offense involved a car and that the factual basis for any guilty finding is unclear. See Shepard v. United States, 544 U.S. 13 (2005) (statement of factual basis for the charge pled to as shown by plea transcript, plea agreement or other comparable record of findings adopted by defendant necessary to demonstrate conviction was predicate offense under Armed Career Criminal Act – police report or statement of facts insufficient).

In paragraph 34, one criminal history point is assessed for a misdemeanor offense for which Mr. Muschette has not been sentenced, but apparently was placed in a deferred sentencing program. In order to assess points for this offense, the government bears the burden of demonstrating that there was a finding of guilt for this offense. See U.S.S.G. § 4A1.2 (a)(4). Unless the government demonstrates these facts through a sufficiently reliable source, the points in paragraphs 31 and 34 cannot be assessed.

## CONCLUSION

Without the application of the armed career criminal provisions and the offense listed in paragraph 31, the appropriate base offense level is 20, minus three levels for acceptance of responsibility, for a total offense level of 17. Without the four criminal history points objected to

3

above, Mr. Muschette has a criminal history score of 9, which places him in criminal history category IV. The applicable Guidelines sentencing range, therefore, is 37 to 46 months. For the reasons set forth more fully in the sentencing letter submitted to the Court, Mr. Muschette respectfully requests that the Court impose a sentence below that range.

        Respectfully submitted,

        /s/

        _____
        Mary Manning Petras
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C.  20004
        (202) 208-7500