HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

05-264

| UNITED STATES OF AMERICA | : | Docket No.: CR-05-0347 |
| --- | --- | --- |
| vs. | : | SSN: |
| Muschette, Robert | : | Disclosure Date: December 12, 2005 |

**FILED**
FEB 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                      **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

*Robert Muschette* 12/29/05        *[signature]* 12-29-05
**Defendant**         **Date**              **Defense Counsel**    **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **December 26, 2005**, to U.S. Probation Officer **Renee Moses-Gregory**, telephone number **(202) 565-1348**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Richard A. Houck, Jr., Chief
       United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
Federal Public Defender

Telephone (202) 208-7500
FAX (202) 208-7515

December 29, 2005

Renee Moses-Gregory
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20530

BY FAX

Re: United States v. Robert A. Muschette
CR-05-347

Dear Ms. Moses-Gregory:

I write to submit the following corrections to the Presentence Investigation Report prepared in the above referenced case.

1. On page one, the report incorrectly lists the maximum penalty for the charged offense as 15 years. Because, as described below, Mr. Muschette does not qualify for the enhanced penalties under 18 U.S.C. § 924(e), the maximum penalty is 10 years.

2. On page two, the report lists Mr. Muschette's former address. Because he is incarcerated, he no longer lives there. Please list Mr. Muschette's father's address as his permanent address: 4200 29th Street, Mount Rainer, Maryland 20712.

3. On page six, in paragraph 18, the reported information is incorrect and Mr. Muschette objects to its inclusion in the report. Mr. Muschette did not threaten Ms. Fancher. I have requested, but not yet obtained a copy of the tape recording.

4. On page six, in paragraph 24, the adjustment is not applicable because Mr. Muschette did not threaten Ms. Fancher. Again, I have not heard the recording, but have requested a copy from Assistant United States Attorney Wanda Dixon. It appears from the information in the

Ms. Renee Moses-Gregory
December 29, 2005
Page 2

report that neither you nor Ms. Dixon has actually heard any recording, and that the report applies this enhancement without sufficient factual support and based solely on the word of Ms. Fancher.

    5. On page six, in paragraph 26, the report incorrectly applies the armed career criminal provisions. Mr. Muschette does not have the required three qualifying convictions for the application of that provision. The report does not list the convictions upon which the application of this provision is based, but I am assuming that this error is based on the mistaken belief that the offense listed in paragraph 35 (a violation of 18 U.S.C. § 922(g)) is a qualifying conviction. It is not. See United States v. Singleton, 182 F.3d 7 (D.C. Cir. 1999).

    6. On page seven, in paragraph 38, the offense total should be recalculated to exclude the obstruction provision and the armed career criminal provisions. The Total Offense Level should be 21.

    7. With regard to paragraph 34, I believe that the listed offense is (or will be) dismissed and that, therefore, this should not be included as a conviction.

    8. On page 11, in paragraph 39, because the conviction in paragraph 34 should not be included, the total criminal history points should be adjusted to 12, establishing a category V.

    9. On page 15, in paragraph 54, please include the name of Mr. Muschette's child who recently died. Her name was Diamond Burton.

    10. On page 18, in paragraph 69, it should be noted that the corporation for which Mr. Muschette was employed was licensed while he was still incarcerated — Mr. Muschette was not personally licensed.

    11. On page 18, in paragraph 71, please clarify that Mr. Muschette considers himself employed even though he is incarcerated because he knows that Mr. Benjamin will employ him when he is released, regardless of when that may be. Mr. Muschette, obviously, is not drawing a paycheck and employed in that sense at this time.

    12. On page 19, in paragraph 79, please clarify that Mr. Muschette did not personally purchase the property in Maryland. It is the corporation (and/or Mr. Benjamin) who owns this property.

    13. Consistent with the objections noted above, the statutory and guidelines provisions listed in paragraphs 84 and 85 are incorrect.

Ms. Renee Moses-Gregory
December 29, 2005
Page 3


      Thank you for taking the time to review these corrections. Please feel free to contact me if you have any questions.

                                                Sincerely,

                                                Mary Manning Petras


cc:    AUSA Wanda Dixon
        By Fax